THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY, PLAINTIFF IN ERROR, v. THE STATE, JONATHAN J. BROOME, PROSECUTOR, DEFENDANT IN ERROR.

In a proceeding under the supplement to an act to incorporate and regulate telegraph companies (*Rev. Sup., p.* 1022, § 2), which provides for the appointment of commissioners, on petition of a telephone company, to assess the damages a land-owner may sustain by the erection of its line along the highway in front of his lands, if neither the petition nor the notice served on the land-owner indicates the intended location or height of the poles, the number and size of the cross-arms or the number of wires they will sustain, the petition is too indefinite to be sustained.

On error to the Supreme Court.  For opinion of the Supreme Court, see 20 *Vroom* 624.

For the plaintiff in error, *Theodore Runyon*.

For the defendant in error, *Hamilton Wallis*.

The opinion of the court was delivered by

THE CHANCELLOR. The Supreme Court, by its judgment, set aside proceedings for the appointment of commissioners to appraise the damages to be sustained by Jonathan J. Broome, by reason of the erection and maintenance of telegraph poles, wires and other fixtures, in front of his lands along Park avenue, in the township of East Orange, upon two grounds :

First. Because the petition for the appointment of the commissioners is too indefinite to apprise the commissioners of the burden which they are to estimate, and the land-owner of the burden to which he is to submit.

Second. Because the act to incorporate and regulate telegraph companies (*Rev., p.* 1174) and its supplement (*Rev. Sup., p.* 1022), required the plaintiff in error to apply to the legislative body of the township of East Orange for a designation of the streets in which its telegraph poles might be placed, before it could proceed to have the damages to accrue to individuals assessed.

The petition states that the telegraph lines, to be constructed, will run over and across a public road (designated upon a schedule diagram annexed to the petition), which adjoins, and is in front of, the lands of Mr. Broome, " and that the said highway is required and necessary to be used and taken for the purpose of erecting posts or poles on the same for the purpose of sustaining wires and other fixtures of the petitioner."

The schedule annexed to the petition is a diagram, upon which Park avenue and Mr. Broome's land are delineated. In Park avenue, adjoining the premises of Mr. Broome, there appear upon this diagram five dots, to indicate telegraph poles, but neither the petition nor the schedule mentions a scale by which the exact or even proximate location of the poles may

New York and New Jersey Telephone Co. v. Broome.

be determined, or contains a description by which their size or other character may be ascertained. Nothing, either in the petition or schedule, or in the notice that was given to Mr. Broome, indicates the intended height of the poles, the number and size of the cross-arms they will bear, or the number of wires they will sustain. These particulars are necessary in a case of this kind to the ascertainment of the privilege or right of way which is to be secured. The statute under which the proceedings have been taken (*Rev. Sup.*, p. 1022, § 2), requires the commissioners to assess and appraise the damages which Mr. Broome may sustain by reason of the erection and establishment of, not poles alone, but complete telegraph *lines*. The petition and proceedings obviously fail to sufficiently indicate the privilege desired, and therein to point out the extent of the injury contemplated, and give such information as is material to the commissioners in the proper performance of the duty imposed upon them, and to Mr. Broome in the due protection of his interests.

The Supreme Court was correct in its opinion that the petition was too indefinite to be sustained.

Our conclusion upon this point obviates the necessity of expressing an opinion upon the other branch of the case, upon which the Supreme Court passed, and the act of 1887 (*Pamph. L.*, p. 119), has so changed the law that it is not a public utility that we should do so.

The judgment of the court below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, MAGIE, SCUDDER, CLEMENT, COLE, MCGREGOR, WHITAKER. 10.

*For reversal*—None.